**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **DORIS W. TUCKER,** | ) | **CHAPTER 7** |
| **a/k/a DORIS E. NANCE** | ) | |
| | ) | |
| **Debtor.** | ) | **CASE NO. 12-71910** |

_____

## MEMORANDUM OPINION

This matter comes before the Court on the Motion for Rule 9011 Sanctions (the "Motion") filed by Doris W. Tucker (the "Debtor") against Beneficial Mortgage Co. of Va. a/k/a Beneficial Financial, Inc. ("Beneficial"),[1] John T. Arnold, Esquire, and Moss & Rocovich, P.C. (collectively "the Respondents"). A Response to the Motion was filed on August 14, 2014 by Matthew D. Huebschman, Esquire, counsel for the Respondents. A hearing was held on August 19, 2014, where the Debtor was sworn and testified. Mr. Huebschman also appeared. On August 19, 2014, the matter was taken under advisement. For the reasons stated herein, the Motion is denied.

STATEMENT OF THE CASE

On October 19, 2014, the Debtor filed a *pro se* bankruptcy petition for relief under Chapter 7 of the Bankruptcy Code. On February 12, 2013, the Debtor received a discharge in her bankruptcy case, and her case was closed on the same date. On July 31, 2014, this Court granted the Debtor's Motion to Reopen her bankruptcy case. The Debtor filed the Motion on July 29, 2014, alleging that Beneficial and its counsel violated the automatic stay and requested sanctions, and Beneficial, by its counsel, filed a Response, attaching a copy of a State Court

---

[1] Although the Debtor listed "Beneficial Financial, Inc." as the Respondent in her Motion, according to the Respondents, the correct entity is Beneficial Financial I Inc. Beneficial Financial I Inc. is the successor by merger to Beneficial Mortgage Co. of Va.

Complaint ("Complaint") pending in the Circuit Court of the City of Roanoke, Virginia (the

"State Court").    A hearing on the Motion and the Response was held on August 19, 2014.

In her Motion, the Debtor alleges that she filed a Suggestion of Bankruptcy in the State

Court on February 27, 2013, and that Beneficial's refusal to dismiss the pending case in State

Court violates the automatic stay of 11 U.S.C. § 362.  The Response and the Complaint tell a

somewhat different story.   The Response reflects that on September 25, 2012, Beneficial and

Surety Trustees, LLC, filed a complaint against the Debtor, Theodore Tucker ("Tucker"),

Freedom First Federal Credit Union, and Paul Phillips, Trustee in the State Court.[2]  The

Complaint asserts, among other things, that Beneficial loaned $117,493.40 to the Debtor and

Tucker on September 25, 2002, that the loan was evidenced by a Note secured by a deed of trust

on the Debtor's residence located at 116 Beech Street, N.W., Roanoke, Virginia (the

"Residence"), and that the Debtor and Tucker defaulted on the debt in 2008.  The Complaint also

alleges that the Debtor and Tucker tendered a fraudulent check in the amount of $195,000.00 to

Beneficial to pay off the Note, and conspired with D. Scott Heineman ("Heineman") and Kurt F.

Johnson ("Johnson") to commit the fraud.  An excess of  $47,274.46 was remitted to the Debtor

and Tucker after the note was paid off and the deed of trust released.

The Complaint further alleges that the following documents were placed of record

pertaining to the Residence:  (1) a Quitclaim Deed dated August 3, 2004 from Nance and the

Debtor to Heineman and Johnson, Trustees of the Tucker Family Trust, (2) Notice of Intent to

Correct Title dated August 18, 2004, (3) Substitution of Trustee dated November 2, 2004 under

which Heineman purported to act as attorney-in-fact on behalf of Beneficial to substitute

Heineman as the Trustee under the Beneficial Deed of Trust, (4) document of "Full Conveyance"

_____

[2] Freedom First is the holder of a subordinate deed of trust on the Residence recorded on March
6, 2006.  Paul Phillips is the trustee under the deed of trust. Pls.' Compl. ¶¶ 7-8.

dated September 7, 2004 executed by Heineman purportedly as substitute Trustee under the

Beneficial Deed of Trust, 5) Quitclaim Deed dated in the year 2005 from Heineman and

Johnson, Trustees of the Tucker Family Trust to Nance and Tucker, purporting to recover the

Residence, and (6) Common Law Lien dated January 9, 2009, executed by Nance which

purported, among other things, to assert a $150,000.00 lien against the Residence in reliance

upon the Magna Carta and Declaration of Independence, among other authorities. The Complaint

further alleges that in 2008, Heineman and Johnson were convicted on 35 counts of operating a

conspiracy to defraud mortgage lenders and were sentenced to federal prison sentences of 21 and

25 years, respectively.

According to the Complaint, pursuant to Va. Code § 55-66.10, Beneficial executed and

recorded multiple Documents of Rescission to rescind the releases of its deed of trust.  After

demanding payments due and receiving no payments, but before the Debtor filed for bankruptcy,

Beneficial commenced the action in State Court seeking a declaratory judgment that Beneficial

holds a first Deed of Trust on the property, a constructive trust on the property, and judgment

against the Debtor and Tucker for all amounts due under the Note at that time, totaling

$176,797.07, plus the recovery of the overpayment refund.  The Response also admitted that the

Debtor filed a Notice of Suggestion of Bankruptcy in the State Court on February 27, 2013, and

it is undisputed that Beneficial and its counsel received notice of her bankruptcy case.

The Response alleges that the State Court granted Beneficial's demurrer to various

counterclaims the Debtor filed against it, along with its motion for entry of default against

Tucker, but required evidence before setting damages against him.  Beneficial asked for a pre-

trial hearing in State Court, which was set for July 30, 2014, and on July 29, 2014, the day before

the pre-trial hearing, the Debtor filed her motion to reopen her bankruptcy case, which was followed by the pending Motion for sanctions.

At the hearing on the Motion, the Debtor testified that in addition to the pending State Court foreclosure proceedings, letters sent from Beneficial requesting payment on her discharged debt also provide grounds for Rule 9011 sanctions.  A letter dated June 17, 2014 by Beneficial to the Debtor was admitted as Plaintiff's Exhibit 1.  The Debtor also testified that she and Tucker did not conspire with Heineman or Johnson, and stated that Heineman and Johnson were imprisoned in 2007, while the check at issue was written in 2009.  Further, the Debtor testified that Beneficial has not produced the original check and has not produced any evidence in their State Court case.  In response to a question from the Court, the Debtor testified that although she had spoken to three different legal aid attorneys about the pending matter, she did not receive any assistance in drafting the Motion she filed and that she conducted her own research on Rule 9011.[3]

At the hearing, counsel for the Respondents reiterated Beneficial's position that although it did obtain a default judgment against Tucker, Beneficial has not tried to collect from the Debtor personally since she filed her bankruptcy petition.  Counsel also argued that Beneficial's State Court proceeding is purely *in rem* in nature and that the letter admitted as Exhibit 1 contains a notification that it is not applicable to a debtor that is currently protected by the

---

[3] The Court accepts the Debtor's testimony that she received no undisclosed assistance on the Motion.  However, given the nature of the Motion and the manner in which it was drafted, it raised the suspicion of having been "ghost-written."  The Virginia State Bar recently released Legal Ethics Opinion 1874 ("LEO 1874") on the subject of "ghost-writing" for *pro se* litigants, finding it to be not objectionable in certain circumstances. To the extent that the practicing bar may intend to rely on LEO 1874  in the future to "ghost-write" in this Court, all counsel should be aware that that this Court takes a different view. This Court agrees with those courts that find, at a minimum, the practice of ghost-writing transgresses counsel's duty of candor to the Court and such practice is expressly disavowed.   *See, e.g.*, *Chaplin v. DuPont Advance Fiber Sys.*, 303 F. Supp. 2d 766, 773 (E.D. Va 2004) ("[T]he practice of ghost-writing will not be tolerated in this Court."); *In re Mungo,* 305 B.R. 762, 767-70 (Bankr. D.S.C. 2003).

automatic stay or a debtor that has received a discharge in bankruptcy.  Consequently, the

Respondents contend that neither the State Court proceeding nor the letter violate the discharge

injunction of 11 U.S.C. § 524.

CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§

1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on

July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western

District of Virginia.  This Court further concludes that consideration of a motion for sanctions for

a violation of the automatic stay is a "core" bankruptcy proceeding within the meaning of 28

U.S.C. § 157(b)(2)(G).[4]

Fed. R. Bankr. P. 9011 provides in part:

> (a) Signature. Every petition, pleading, written motion, and other
> paper, except a list, schedule, or statement, or amendments thereto,
> shall be signed by at least one attorney of record in the attorney's
> individual name. A party who is not represented by an attorney
> shall sign all papers. Each paper shall state the signer's address and
> telephone number, if any. An unsigned paper shall be stricken
> unless omission of the signature is corrected promptly after being
> called to the attention of the attorney or party.
> (b) Representations to the Court. By presenting to the court
> (whether by signing, filing, submitting, or later advocating) a
> petition, pleading, written motion, or other paper, an attorney or
> unrepresented party is certifying that to the best of the person's
> knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances,
> > (1) it is not being presented for any improper purpose, such
> > as to harass or to cause unnecessary delay or needless
> > increase in the cost of litigation;

---

[4] Although this Motion concerns a violation of the automatic stay, and not the "terminat[ion],
annul[ment], or modif[ication]" of the automatic stay, "the list of core proceedings in § 157(b)(2)
is illustrative, not exhaustive." *In re Depew*, 51 B.R. 1010, 1014 (Bankr. E.D. Tenn. 1985).  In
addition, "Section 157(b)(2)(G) . . . indicates that issues related to the automatic stay are core."
*Hughes-Bechtol, Inc. v. Ohio (In re Hughes-Bechtol, Inc.)*, 141 B.R. 946, 953 (Bankr. S.D. Ohio
1992) (finding that alleged stay violations are "core" bankruptcy proceedings).

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

FED. R. BANKR. P. 9011(a)-(c).

Rule 9011 conforms to Fed. R. Civ. P. 11, and accordingly, "[c]ourts may look to case law interpreting Rule 11 when deciding cases under Bankruptcy Rule 9011." *In re Babcock*, 258 B.R. 646, 651 (Bankr. E.D. Va. 2001) (citing *Weiss v. First Citizens Bank & Trust Co. (In re Weiss)*, 111 F.3d 1159, 1170 (4th Cir. 1997)); *In re Atlas Mach. & Iron Works, Inc.*, 190 B.R. 796, 806 (Bankr. E.D. Va. 1995). The primary purpose of Rule 11 is "to deter baseless filings . . . and thus, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 193 (1990). Rule 9011, like Fed. R. Civ. P. 11, "only applies to acts undertaken in a case before the court." *Davant v. Bailey (In re Bailey)*, No. 09-2564, Adv. No. 10-15, 2010 WL 3277908, at *2, 2010 Bankr. LEXIS 2449, at *4 (Bankr. N.D. W. Va. Aug. 13, 2010) (citing *Nationwide Mut. Ins. Co. v. Burke*, 897 F.2d 734, 739 (4th Cir. 1990)).

As evidence in support of her Motion, the Debtor cites to Beneficial's failure to dismiss the Circuit Court case and the letter she received from Beneficial. Rule 9011 only applies to documents filed in this Court; therefore, the documents filed in State Court cannot be a basis for

granting the Debtor's Motion.  *See Nationwide*, 897 F.3d at 739 (holding that misrepresentations

in documents filed in state court in no way constituted a basis for imposing federal Rule 11

sanctions); *In re Bailey*, 2010 WL 3277908, at *2-4, 2010 Bankr. LEXIS at *9 (holding that

"[r]egarding Rule 9011, this court is only concerned with documents filed . . . in this court" and

thus, filings in state court provide no basis to impose sanctions under Rule 9011).  In the present

case, neither Beneficial nor its counsel signed or filed any documents with this Court that would

give rise to the imposition of Rule 9011 sanctions; therefore, Rule 9011 sanctions are not

appropriate in this case.

Further, even if Rule 9011 applied here, the actions of Beneficial and its counsel in the

State Court proceeding do not provide grounds for sanctions because the actions do not violate

the discharge injunction of Section 524.  After the Debtor received her discharge on February 12,

2014, the automatic stay of Section 362 terminated.  11 U.S.C. § 362(c)(2)(C).  Nevertheless, the

discharge injunction of Section 524 went into effect to protect the Debtor from collection actions

on personal liability for pre-petition debts.  *See, e.g.*, *In re Neilsen*, 443 B.R. 718, 723 (Bankr.

W.D. Va. 2011); *In re Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 401 (E.D. Va. 2011).

In order to state a claim for a violation of the discharge injunction, "a debtor must show [by clear

and convincing evidence] that a creditor's actions constitute [] an act . . . to collect . . . [the

mortgage loan] as a personal liability of the debtor."  *In re Harlan*, 402 B.R. 703, 714 (Bankr.

W.D. Va. 2009) (citation omitted).

In general, a discharge in bankruptcy does not affect any *in rem* rights that a creditor may

have against the debtor's property.  Rather, a discharge only extinguishes the debtor's personal

liability on a claim.  *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy

discharge extinguishes only one mode of enforcing a claim—namely, an action against the

debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*."); *see also Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92 (4th Cir. 1995) (explaining that courts in the Fourth Circuit "have long followed the principle that *in rem* claims survive the bankruptcy discharge, while in personam claims are extinguished"); *In re Rountree*, 448 B.R. at 401 (citing 11 U.S.C. § 524(a)(2) (2011)) ("[T]he discharge injunction does not prohibit the creditor from enforcing an *in rem* claim against the debtor's property").

Beneficial's State Court proceeding seeks an order finding that it holds a valid first priority lien on the Debtor's Residence. While the pre-bankruptcy request for a judgment is intertwined with the request for *in rem* relief, Beneficial and its counsel have taken no action to establish any debt as a personal liability of the Debtor post-discharge. It has sought only *in rem* relief. Given the state of title on the Residence with the many allegedly dubious filings in the land records, and the alleged fraudulently induced release of its deed of trust, Beneficial's *in rem* proceeding is not without basis. Therefore, neither Beneficial nor its counsel have violated the discharge injunction through their actions in State Court seeking a declaratory judgment as to its lien position.

In addition, the letter from Beneficial to the Debtor, admitted into evidence as Exhibit 1, does not violate the discharge injunction. The letter does indicate that the Debtor's "account is currently past due." Ex. 1. On the back of the letter, and in all capital letters, is a notification that "[t]his statement and any reference in this notice to a personal obligation to make payment do not apply to you if you filed a bankruptcy petition and received a discharge of your personal liability for the obligation identified in this letter or if there is an automatic stay currently in effect. In either case we may not and do not intend to pursue collection of the obligation from you personally and this letter is not intended as a demand from you personally . . . ." Ex. 1.

*Harlan,* cited above, and *Curtis v. LaSalle National Bank (In re Curtis)*, 322 B.R. 470 (Bankr. D. Mass. 2005), both addressed similar letters sent to debtors in the past. However, the present case differs from *Harlan* and *Curtis* in that the notification in this case was not hidden in the letter, but set out separately in all capital letters. *See Harlan*, 402 B.R. at 707 (noting that "[t]he lone indication that [the creditor] was only attempting to enforce its in rem rights is embedded in regular font in the middle of the second paragraph"); *Curtis*, 322 B.R. at 484 n.18 (noting that the notification appeared "on the backside of the first page . . . and without the capital letters and bold print employed for other sections of the letter"); *see also Anderson v. Bank of Am.*, No. 6:12-cv-00017, 2012 WL 4458474, at *2-4, 2012 U.S. Dist. LEXIS 95309, at *9-10 (W.D. Va. July 11, 2012) (distinguishing *Harlan* and *Curtis*, and finding that a letter sent to the debtor containing a notification similar to the one in the instant case did not violate the discharge injunction of Section 524).

CONCLUSION

For the foregoing reasons, the Debtor's Motion is denied. An Order to such effect shall be entered contemporaneously herewith.


Decided this 29th day of August, 2014.



UNITED STATES BANKRUPTCY JUDGE