**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

IN RE:

DORIS W. TUCKER                                    CASE NO. 12-bk-71910
a/k/a DORIS E. NANCE,                              CHAPTER 7

    DEBTOR.

## RESPONSE[1] TO COMPLAINT FILED AGAINST BENEFICIAL MORTGAGE CO. OF VA. a/k/a BENEFICIAL FINANCIAL I INC., JOHN T. ARNOLD, ESQ., AND MOSS & ROCOVICH, PC

COMES NOW Beneficial Financial I Inc., successor by merger to Beneficial Mortgage Co. of Va. ("Beneficial"), John T. Arnold, Esq. and Moss & Rocovich, P.C. (collectively, the "Respondents"), by and through counsel, and hereby respond to the Complaint for Violation of Automatic Stay filed by Doris W. Tucker (the "Debtor") as follows:

### FACTS

1.    The Debtor filed for relief under chapter 7 of the Bankruptcy Code on October 19, 2012. The case was filed pro se.

2.    Charles Allen, Jr. was appointed chapter 7 trustee, and he filed a Report of No Distribution on November 30, 2012.

3.    The Debtor received her discharge on February 12, 2013, and the case was closed on that date.

4.    In her Schedules and Statement of Financial Affairs, the Debtor listed Beneficial Mortgage Co. of Va. as a secured creditor holding a first deed of trust on her residence at 116 Beech Street, NW, Roanoke, Virginia (the "Residence"). She reflected that the Residence was

---

[1] The respondents are filing this Response rather than an answer because the Complaint filed by the Debtor is not being treated as an adversary proceeding by the Court. No summons was issued and served with the Complaint. The Debtor's Complaint, filed by the Debtor pro se, is responded to herein as a contested matter under Rule 7>>> of the Federal Rules of Bankruptcy Procedure.

1

worth $140,000, Beneficial was owed $140,000 and that the secured claim was "disputed." She also indicated that a foreclosure proceeding by Beneficial was pending in the Circuit Court of Roanoke. Beneficial and its counsel were provided notice of the bankruptcy case.

5. On September 25, 2012, Beneficial Financial I Inc. and Surety Trustees, LLC ("the Plaintiffs") filed a complaint against the Debtor, Theodore Tucker, Freedom First Federal Credit Union and Paul Phillips, Trustee (the "Complaint") in the Circuit Court for the City of Roanoke.

6. In the Complaint, which is quite detailed in setting forth relevant facts, the Plaintiffs alleged that Beneficial loaned $117,493.40 to the Debtor and Tucker on September 25, 2002, said loan evidenced by a Note and Deed of Trust on the Residence. The Deed of Trust was properly recorded on September 30, 2002. In 2008, the Note was in default, and the Debtor and Tucker were contacted regarding that default.

7. In the Complaint, Beneficial sought the following relief:

    a) a declaratory judgment that Beneficial holds a first Deed of Trust on the Residence effective as of September 30, 2002 and that the Debtor and Tucker owed $195,000 plus interest, attorney's fees and costs;

    b) a constructive trust on the Residence in the amount of $195,000, plus interest, attorney's fees and costs; and

    c) judgment against the Debtor and Tucker for all amounts due under the Note which totaled $176,797.07 as of September 7, 2012.

8. John T. Arnold of Moss & Rocovich, P.C. filed the Complaint as counsel for Beneficial.

9. It is clear that the Debtor filed her chapter 7 case, for among other reasons, to stay action on the Complaint. The Debtor filed a Notice of Suggestion of Bankruptcy in the Circuit Court for the City of Roanoke on February 27, 2013.

10. The Debtor filed a Motion to Reopen her chapter 7 case on July 29, 2014 which was granted by this Court.

11. A Motion for Rule 9011 Sanctions was filed by the Debtor on July 29, 2014, the day before the Pre-Trial Conference in the Circuit Court. In the Motion, the Debtor indicated that the Plaintiffs were violating the automatic stay and argued that the Plaintiffs did not comply with Rule 9011 of the Federal Rules of Bankruptcy Procedure.

12. In a response filed on August 14, 2014, the Plaintiffs denied any Rule 9011 violation and responded that the Debtor was actually alleging a violation of the discharge injunction under Section 524 of the Bankruptcy Code. However, the Plaintiffs provided the background of the action being taken in the Complaint in the response. The Plaintiffs indicated that their intention was to only proceed against the real property securing the Deed of Trust referred to in Paragraph 6 above.

13. At the hearing conducted on August 19, 2014, counsel for the Plaintiffs provided a summary of the position of the Plaintiffs and made clear the intentions of Beneficial in seeking to recover upon the Deed of Trust and not from the Debtor, personally.

14. The Court entered an order and issued a Memorandum Opinion on August 29, 2013 wherein the Court denied the Debtor's Motion for Rule 9011 Sanctions. In the Memorandum Opinion, attached hereto as Exhibit A, the Court determined that Rule 9011 sanctions were not applicable to the pleadings filed by the Plaintiffs in state court. Furthermore, the Court found that the discharge injunction under Section 524 was not violated. The Court

stated that in order to state a claim for violation of the discharge injunction, a debtor must show by clear and convincing evidence that a creditor's action constitute an action to collect a debt as a personal liability of the debtor. The Court agreed with the respondents that the discharge injunction does not prohibit in rem actions to collect from property securing a debt owed to a creditor.

15. At the hearing, the Debtor also handed the Court a letter from Beneficial that indicated that the Debtor's account was past due, but on the back of the letter there was clear language that if the recipient had been granted a discharge, the notice was not an attempt to collect from the recipient personally.

16. On October 10, 2014, the Debtor filed a Complaint for Violation of the Automatic Stay, followed on October 24, 2014 by a Motion to Reopen the Debtor's case for a second time. The Court entered an order reopening the case on October 28, 2014.

17. The crux of the Debtor's Complaint is the receipt by the Debtor of a notice dated September 13, 2014 sent to the Debtor by Beneficial (the "Notice"). John T. Arnold, Esq. and Moss & Rocovich, P.C. had no role in sending the Notice.

18. Based upon an internal investigation undertaken by Beneficial, the Notice was simply sent in error. An employee of Beneficial could not confirm a bankruptcy filing by Theodore Tucker, who is also named on the Notice, and removed the code that designated the loan as a 'bankruptcy' loan. Evidently another Theodore Tucker, Jr. who is not a borrower of Beneficial, filed chapter 7 on or about August 21, 2014. However, the fact that the Debtor filed chapter 7 and that the Complaint is pending were overlooked, and the bankruptcy code related to the Debtor was inadvertently removed

4

19. Beneficial has informed its counsel that its records have been corrected to avoid any future notices that do not contain clear language that the notices are not an attempt to collect a discharged personal liability.

## APPLICABLE LEGAL AUTHORITY

Upon the filing of a bankruptcy petition, the automatic stay arises under Section 362 to prohibit certain legal actions against the debtor and property of the bankruptcy estate. Except in certain limited circumstances, the stay of an act against property of the estate under subsection Section 362(a) continues until such property is no longer property of the estate. The stay of any other prohibited act under Section 362(a) continues until the earlier of closing or dismissal of a case or if the case is a case under chapter 7 concerning an individual or a case under chapter 9, 11, 12, or 13, the time a discharge is granted or denied.

Section 524 of the Bankruptcy Code provides for the imposition of a discharge injunction that prohibits certain types of action against a debt that has obtained a discharge. Section 524 provides as follows:

> (a) A discharge in a case under this title —
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
> (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case …..

The Court has the power to enforce a debtor's discharge and its own orders by holding the party violating the discharge injunction in contempt. *Nicholas v. Oren (In re Nicholas),* 457 B.R. 202, 225 (Bankr. E.D.N.Y. 2011); *Texaco Inc. v. Sanders (In re Texaco Inc.)*, 182 B.R. 937, 945

(Bankr. S.D.N.Y. 1995); *In re Szenes*, 515 B.R. 1, 6 (Bankr. E.D.N.Y. 2014). Quoting from the *Szenes* decision,

> Courts have awarded attorneys' fees when a party (1) willfully disobeys a court order, and (2) is found to have acted in bad faith, vexatiously, wantonly or for oppressive reasons. *In re Nicholas*, 457 B.R. at 225; *In re Nassoko*, 405 B.R. at 520; *In re Dabrowski*, 257 B.R. at 416; *In re Watkins*, 240 B.R. at 678. Violations of the discharge injunction that were technical, unintended, or quickly remedied, would not warrant an award of attorneys' fees where there is no evidence of willfulness or bad faith. *In re Nicholas*, 457 B.R. at 226; *In re Dabrowski*, 257 B.R. at 416.

*Id*. at 7. In *Szenes*, a lender sent a notice of collection to the discharged debtors and did not respond to a letter from the debtors' attorney notifying the lender that sending of the notice violated the discharge injunction. In fact, the lender sent another letter to the debtors, and this resulted in a contempt hearing. The lender did not even appear at the contempt hearing.

The *Szenes* Court found bad faith in the lender's failure to respond to the attorney's letter and cease collection efforts. Thus the Court allowed compensatory damages consisting of attorney's fees and costs of $3,050.

Regarding punitive damages, the Court noted that the debtors had to show by clear and convincing evidence that the creditor had knowledge of the discharge and violated it by continuing with the activity enjoined by the injunction. *Id.* at 7-8. Quoting the Court, "A mere showing that the actions were deliberate is not sufficient but rather the actions must have been taken with 'either malevolent intent or a clear disregard and disrespect of the bankruptcy laws.' *In re Nicholas*, 457 B.R. at 227; *In re Watkins*, 240 B.R. at 680 (finding punitive damages for violation of a discharge injunction also appropriate where there was malicious and egregious behavior)." *Id.*

## **ARGUMENT**

In the pleading filed on April 14, 2014 and at the hearing before this Court on August 19, 2014, Beneficial made it very clear that it is not seeking to recover from the Debtor personally. Beneficial is proceeding in the Circuit Court to exercise its in rem rights against the real property securing its Deed of Trust. The Court determined that Beneficial had not violated the discharge injunction.

Unfortunately, due to an employee's determination that Mr. Tucker, a co-borrower, had not filed bankruptcy, notations on the loan that prohibited issuance of any statements that did not contain bankruptcy disclaimers, were removed, and the Notice was provided to the Debtor and Mr. Tucker on or about September 19, 2014.

Because the Notice was sent shortly after the hearing before this Court, Beneficial is hopeful that the Debtor was not seriously concerned that her discharge was being violated. There is no evidence of malevolent intent or a clear disregard and disrespect of the bankruptcy laws. Nonetheless, Beneficial is aware of the error in sending the Notice and will make every effort to avoid any notices that would do other than keep the Debtor properly informed of the in rem collection efforts.

To reiterate its position, Beneficial does not take maintain that it can recover any more than the balance due on the Note from a foreclosure on the Residence. Unfortunately, because the Debtor has not retained counsel, Beneficial could not discuss the basis for the erroneous Notice with counsel that could reassure the Debtor that personal collection was not intended.

Of course, the fact that the Debtor filed bankruptcy does not protect Mr. Tucker from any recovery that can be obtained by Beneficial against him for all claims alleged in the Complaint.

Mr. Tucker is subject to a Default Order and the amount he is liable to pay will be determined in future hearing before the Circuit Court.

WHEREFORE, Beneficial and its counsel respectfully request that the Debtor's Complaint for Violation of the Automatic Stay be denied or dismissed as the Court deems appropriate.

Respectfully submitted this the 19th day of November, 2014.

>/s/ Matthew D. Huebschman
>Matthew Huebschman (Va. State Bar. 44181)
>SHENANDOAH LEGAL GROUP, P.C.
>310 Jefferson Street, S.E.
>P.O. Box 75
>Roanoke, Virginia 24002
>Telephone: (540) 344-4490
>Facsimile: (540) 343-0185
>
>Terri L. Gardner (NC State Bar. 9809)
>NELSON MULLINS RILEY & SCARBOROUGH LLP
>4140 Parklake Avenue, Suite 200
>Raleigh, North Carolina 27612
>Telephone: (919) 329-3882
>Facsimile: (919) 877-3799