IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **DORIS W. TUCKER,** | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | CASE NO. 12-71910 |

___

## MEMORANDUM OPINION

This matter comes before the Court on the Motion for Sanctions for Violation of the Automatic Stay (the "Motion") filed by Doris W. Tucker ("Debtor"), appearing *pro se*, against Beneficial Mortgage Co. of Va. a/k/a Beneficial Financial 1 Inc. ("Beneficial"), John T. Arnold, Esquire, and Moss & Rocovich, P.C. (collectively the "Respondents"). A Response to the Motion was filed on November 19, 2014 by Matthew D. Huebschman, Esquire, counsel for the Respondents. A hearing was held on January 26, 2015, where the Debtor was sworn and testified. Mr. Huebschman also appeared, and Beneficial was directed to file an affidavit in support of its Response within fourteen days. The matter was taken under advisement. For the reasons stated herein, the Motion is denied.

STATEMENT OF THE CASE

On October 19, 2014, the Debtor filed a *pro se* bankruptcy petition for relief under Chapter 7 of the Bankruptcy Code. On February 12, 2013, the Debtor received a discharge in her bankruptcy case, and her case was closed on the same date. The Debtor and these defendants are not strangers to each other. In fact, they are frequent and repeat adversaries.[1] In this Court, the Debtor previously filed a Motion for Rule 9011 Sanctions on July 29, 2014 against the same

---

[1] A Westlaw search reveals two published decisions, *Tucker v. Beneficial Mortg., Co.*, 437 F. Supp. 2d 584 (E.D. Va. 2006), and *In re Tucker*, 516 B.R. 340 (Bankr. W.D. Va. 2014), in addition to the ongoing litigation before the Circuit Court for the City of Roanoke, Virginia that was at issue in the previous motion for sanctions before this Court.

defendants, and the Court reopened her case on July 31, 2014. In that motion, the Debtor complained about two matters: (1) a pending state court action brought by Beneficial that sought to establish the priority of various liens against the Debtor's real estate given some alleged dubious filings in the state court land records orchestrated or participated in by the Debtor, and (2) a pre-foreclosure letter sent by Beneficial to the Debtor advising of the past due nature of her account. The letter clearly stated in bold print that if she had received her discharge in bankruptcy, the creditor was not seeking to establish a claim against her personally. The Court denied the Debtor's prior Motion for Rule 9011 Sanctions in a Memorandum Opinion dated August 29, 2014. *See Tucker*, 516 B.R. at 347. The Debtor's case was closed again on September 24, 2014. Notably, Beneficial made it clear on the record to both the Court and the Debtor that it was not seeking to proceed against the Debtor personally, as it was seeking only to establish and pursue its *in rem* rights against its collateral.

The parties are again back before the Court, this time over a mortgage statement that Beneficial sent dated September 13, 2014 (the "September 2014 Statement"). The Debtor filed her present Motion on October 10, 2014, alleging that Beneficial and its counsel violated the automatic stay of 11 U.S.C. § 362(a) because the Respondents "had knowledge of the pending bankruptcy and automatic stay order at the time it pursued collection efforts against the plaintiff by demanding payments and sending mortgage statements requesting payment."[2] Mot. at 2. In her Motion, the Debtor requested compensatory damages, punitive damages, costs, and reasonable attorney's fees. *Id.* at 3. The Debtor attached the September 2014 Statement from Beneficial to her Motion as Exhibit A. Without limitation, the September 2014 Statement

---

[2] There is no evidence that John T. Arnold, Esquire and Moss & Rocovich, P.C. were involved in any way in sending the September 2014 Statement. Accordingly, John T. Arnold, Esquire and Moss & Rocovich, P.C. shall be dismissed from this matter.

2

provided under the bold print heading "Important Messages" that "[y]our account has been accelerated and payment in full for the entire amount of your loan is now due. It may be possible to reinstate your loan. To obtain the reinstatement amount or additional information, please contact us at the number provided above. Your account is now seriously overdue. We expect you to pay the past due amount immediately." Mot. Ex. A. The statement further provided that "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose." *Id*.

Beneficial, by its counsel, filed a Response, alleging that it sent the September 2014 Statement in error. Beneficial also filed the Affidavit of Dana J. St. Clair-Hougham ("Affidavit") on February 9, 2015. Dana J. St. Clair-Hougham is the Vice President and Assistant Secretary, Administrative Services Division, for Beneficial. Aff. ¶ 1. The Affidavit recited that the Debtor and co-borrower, Theodore Tucker, Jr. ("Mr. Tucker"), are obligated on a loan due to Beneficial. *Id.* ¶ 5. Beneficial filed a Complaint on September 25, 2012 seeking, among other things, a judgment against the Debtor and Mr. Tucker for the amount due under the Note. *Id.* ¶ 6. Once the Debtor filed for bankruptcy without her co-borrower, Beneficial entered a standard mail code into its servicing system to prevent any billing statements or collection notices being sent to the Debtor. *Id.* ¶ 7. Apparently, a different Theodore Tucker then filed for bankruptcy on August 21, 2014 in this Court, but an employee of Beneficial reviewed the filing and determined that the co-borrower on the Debtor's loan was not the same Theodore Tucker, Jr. that filed for bankruptcy on August 21, 2014 because the social security number and address shown on the filing did not match Beneficial's records for the co-borrower on the Debtor's loan. *Id.* ¶ 8. According to the Affidavit, the employee then erroneously removed the mail code which prevented any mortgage billing statements or collection notices from being sent to the Debtor.

3

*Id.* ¶ 9. The Affidavit admitted that a mortgage billing statement dated September 13, 2014 was sent to the Debtor without disclaimer language acknowledging that the Debtor had received a discharge and was no longer personally obligated on the loan, but alleged that the September 2014 Statement was sent in error. *Id.* ¶ 9-10. The Affidavit also states that after Beneficial became aware of the error, "the mail code was corrected to prevent any further mortgage billing statement or other collection notices from being mailed to the Debtor." *Id.* ¶ 12. The Debtor filed an Objection and Motion to Strike Affidavits on February 20, 2015, arguing that the Affidavit constitutes inadmissible hearsay, which the Court overrules.

At the hearing on the Motion and the Response on January 26, 2015, the Debtor offered two additional exhibits: affidavits related to the Debtor's state court proceeding, which were admitted into evidence as Plaintiff's Exhibit 1, and an e-mail, which was not admitted into evidence. The Debtor testified that Beneficial violated the automatic stay by sending her the September 2014 Statement requesting payment on her discharged debt.

At the hearing, counsel for the Respondents reiterated Beneficial's position that Beneficial is not attempting to collect from the Debtor personally, and that the September 2014 Statement was simply sent in error, and is therefore not a willful violation of the discharge injunction. In addition, the Respondents argued that the Debtor has not satisfied her burden of proof in showing, by clear and convincing evidence, that Beneficial willfully violated the discharge injunction or that the Debtor is entitled to any damages.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on

4

July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.

Although the Debtor requests damages for violation of the automatic stay, the Court will construe her request as a request for damages for violation of the discharge injunction of 11 U.S.C. § 524(a). *See Hamlin v. Warren*, 664 F.2d 29, 30 (4th Cir. 1981) (A federal court "is not constrained by the pleader's request for relief.").[3] A debtor's claim that the discharge injunction is violated "implicates a right that exists solely because the [d]ebtor[] obtained a discharge in bankruptcy." *Harlan v. Rosenberg & Assocs., LLC & EMC Mortg. Corp. (In re Harlan)*, 402 B.R. 703, 710 (Bankr. W.D. Va. 2009). "Such proceeding is a core proceeding 'arising under' the Bankruptcy Code," and the Court has jurisdiction under 28 U.S.C. § 157(b)(1). *Id.*

The Debtor received her discharge on February 12, 2013, and the discharge injunction of 11 U.S.C. § 524 went into effect to protect the Debtor from collection actions on personal liability for pre-petition debts. *See, e.g.*, *In re Neilsen*, 443 B.R. 718, 723 (Bankr. W.D. Va. 2011); *Rountree v. Nunnery (In re Rountree)*, 448 B.R. 389, 401 (Bankr. E.D. Va. 2011) (citing 11 U.S.C. § 524(a)(2) (2011)) ("[T]he discharge injunction does not prohibit the creditor from enforcing an *in rem* claim against the debtor's property").

The discharge injunction of Section 524 "is an injunction against any act to collect or recover a discharged debt." *Helmes v. Wachovia Bank, N.A. (In re Helmes)*, 336 B.R. 105, 109 (Bankr. E.D. Va. 2005). The Fourth Circuit has utilized a two-part test to determine whether contempt sanctions are appropriate for a violation of the discharge injunction: "(1) whether the creditor violated the injunction, and (2) whether he or she did so willfully." *Bradley v. Fina (In re Fina)*, 550 F. App'x 150, 154 (4th Cir. 2014) (citations omitted). 11 U.S.C. § 105 "authorizes

---

[3] The Fourth Circuit has held that *pro se* filings are to be generously construed so "that those litigants with meritorious claims should not be tripped up in court on technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)).

5

a bankruptcy court to hold a party in civil contempt for violating an order of the court, including a discharge order." *Fina*, 550 F. App'x at 154; *see also* 11 U.S.C. § 105.

In order to state a claim for a violation of the discharge injunction, "a debtor must show [by clear and convincing evidence] that a creditor's actions constitute [] an act . . . to collect . . . [the mortgage loan] as a personal liability of the debtor." *Harlan*, 402 B.R. at 715 (internal quotation marks omitted). It is clear that "a violation [of Section 524(a)(2)] occurs when the debtor is exposed to personal liability." *Fina*, 550 F. App'x at 154. Further, in order to violate the discharge injunction, the act must be willful, which "requires only that the acts taken in violation of the injunction be intentional. In other words, a good faith mistake is generally not a valid defense." *Id.* (citations omitted). "[T]o constitute a willful act, the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 188 (Bankr. E.D. Va. 2000) (explaining that "the standard used for determining whether a stay violation was willful pursuant to § 362 may be used to determine whether a violation of the discharge [injunction] was willful"). In addition, "[i]n a civil contempt proceeding, the state of mind with which the contemnor violated a court order is irrelevant and therefore good faith, or the absence of an intent to violate the order, is no defense." *Id.*; *see also Fina*, 550 F. App'x at 154.

The burden is on the Debtor to prove, by clear and convincing evidence, that Beneficial willfully violated the discharge injunction of Section 524. *See, e.g.*, *Harlan*, 402 B.R. at 715. The first inquiry is whether Beneficial violated the discharge injunction. *See Fina*, 550 F. App'x at 154. In the instant case, counsel for Beneficial conceded as much at the hearing on January 26, 2015.[4] The September 2014 Statement had no obvious disclaimer to reflect that had the

---

[4] At the hearing, counsel for Beneficial stated that "We are not saying that we did not violate the post discharge injunction. . . . But that is not where the inquiry ends."

Debtor received her discharge, Beneficial was not proceeding against her personally.  Thus, the Court finds that Beneficial did violate the discharge injunction by sending the Debtor a mortgage billing statement without any disclaimer language despite having knowledge of the Debtor's discharge.  Accordingly, the Court must determine the second inquiry—whether Beneficial did so willfully.  *Id.*  Although Beneficial submitted an Affidavit stating that the September 2014 Statement was sent in error, the Court finds that Beneficial willfully sent the September 2014 Statement to the Debtor.  In hindsight, it may have been a mistake, but Beneficial clearly intended to send the letter at the time it was sent.[5]

Next, the Court must determine if damages are appropriate in this case.  *See Harlan*, 402 B.R. at 710.  "Section 524 . . . does not prescribe the debtor a specific remedy if a creditor violates the discharge injunction.  Absent an express remedy, a violation of the post-discharge injunction may only be sanctioned through a proceeding for civil contempt."  *Id.* (footnotes omitted); *see also* 11 U.S.C. § 105(a).  "The statute prescribes a sanction only when the debtor is (1) injured and (2) by a willful violation."  *Hamrick*, 175 B.R. at 893.

The record here does not contain any evidence that the Debtor is entitled to damages.  Although the Debtor testified that she experienced pain and suffering as a result of the September 2014 Statement, the Fourth Circuit has "concluded that emotional distress is not an appropriate item of damages for civil contempt."  *See Gecy v. Bank of the Ozarks (In re Gecy)*, 510 B.R. 510, 524 (Bankr. D.S.C. 2014) (citing *Burd v. Walters (In re Walters)*, 868 F.2d 665, 670 (4th Cir. 1989); *Workman v. GMAC Mortg. LLC (In re Workman),* 392 B.R. 189, 195

---

[5] In *Helmes*, decided before *Fina*, the Court held that "[a]n intentional act is more than an inadvertent act or a clerical error."  *Helmes*, 336 B.R. at 109 (citing *Hamrick v. United States (In re Hamrick)*, 175 B.R. 890 (W.D.N.C. 1994)).  There may be cases where application of this rule may still be appropriate.  However, this case is not one of them.  The circumstances of this case cried out for more attentive measures by Beneficial as opposed to implementing one single safeguard that could be removed by a simple coding error.  Given the frequent litigation between the parties – where they have crossed swords in multiple courts over many years – the Court is not persuaded that a simple claim of "clerical error" ought to end this inquiry in this case.

(Bankr. D.S.C. 2007)); *see also Cherry*, 247 B.R. at 189 n.21 ("[A]n award of damages for emotional distress occasioned by a civil contempt violation has been disallowed by the Fourth Circuit Court of Appeals." (citation omitted)).  In addition, the Debtor is *pro se* and has incurred no attorney's fees.  Further, the Court specifically notes that prior to the Debtor receiving the September 2014 Statement, the Debtor was fully aware of Beneficial's repeated position that it was not attempting to collect against the Debtor personally, but was merely attempting to enforce its *in rem* rights against her property.  Beneficial stated this position in its Response filed on August 14, 2014 and in open court at the hearing on August 19, 2014.  Moreover, the Court reiterated Beneficial's position in its Memorandum Opinion dated August 29, 2014.

In addition, the Court finds that punitive damages are not appropriate in this case.  In general, courts require a "violation which occurs by way of egregious or vindictive conduct" to assess punitive damages for a violation of the discharge injunction.  *Cherry*, 247 B.R. at 190.  Although the Court finds that Beneficial willfully transmitted the September 2014 Statement to the Debtor, the circumstances in this case do not support a finding that Beneficial engaged in any "egregious or vindictive conduct."  *Id.*  Rather, the record reflects that "[i]mmediately after Beneficial Financial became aware of this error, the mail code was corrected to prevent any further mortgage billing statement or other collection notices from being mailed to the Debtor." Aff. ¶ 12.  While Beneficial may have technically violated the discharge injunction, it does not automatically mean that damages should flow.

## CONCLUSION

For the foregoing reasons, John T. Arnold, Esquire and Moss & Rocovich, P.C. are dismissed from this action as having no involvement in sending the September 2014 Statement. The Court finds that Beneficial violated the discharge injunction of 11 U.S.C. § 524 as set forth

8

herein, but that an award of damages is not appropriate under the facts of this case. An Order to such effect shall be entered contemporaneously herewith.

Decided this 27th day of February, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE